UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| KEYSHON SHARP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   3:24-cv-03272-SEM |
| | ) |
| JOHN DOE, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Danville Correctional Center, pursues claims for alleged violations of his constitutional rights under the First Amendment during his imprisonment at Western Illinois Correctional Center.

I.   PROCEDURAL BACKGROUND

On December 12, 2024, the Court entered an Order (Doc. 8) dismissing the complaint for failure to state a claim. Plaintiff was allowed leave to amend, and on January 8, 2025, the Court entered an Order (Doc. 10) finding that Plaintiff's amended complaint failed to state a claim. The Court allowed Plaintiff time to replead again, and, on January 13, 2025, entered a Text Order at Plaintiff's

request, clarifying the law as it understands it regarding Plaintiff's claim.

Plaintiff filed a timely motion for leave to amend (Doc. 14) which the Court granted on March 26, 2025, and found Plaintiff's second amended complaint (Doc. 16) failed to state a claim. Finding further amendment would be futile, the Court dismissed this action for failure to state a claim. Order (Doc. 15). Judgment was entered the following day.

II.   PLAINTIFF'S MOTION TO RECONSIDER

On April 24, 2025, Plaintiff filed a Motion for Reconsideration. (Doc. 19). Plaintiff filed his motion within 28 days of the entry of judgment, so it is appropriate to review the motion pursuant to Federal Rule of Civil Procedure 59(e). *Carter v. City of Alton*, 922 F.3d 824, 826 n.1 (7th Cir. 2019). Altering or amending a judgment under Rule 59(e) is permissible when there is newly discovered evidence or there has been a manifest error of law or fact. Rule 59(e) requires that the movant clearly establish one of the aforementioned grounds for relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006).

Plaintiff's request for reconsideration is granted. For the reasons below in the merit review portion of this order, the Court finds that it would be a manifest error of law to dismiss this action at the pleadings stage. Plaintiff plausibly alleges a violation of his First Amendment rights, so the case should proceed to service and discovery.

III. MERIT REVIEW

The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim, or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

A. Facts

The Court commends Plaintiff for clearly, legibly, and efficiently presenting his allegations and exhibits.

Plaintiff sues John Doe Correctional Officer Mail Room Personnel and John Doe Correctional Officer Internal Affairs/Intel Personnel.

Plaintiff alleges that he was represented by a criminal defense lawyer regarding a postconviction petition attacking his conviction in Illinois state court. In early October 2023, that lawyer sent Plaintiff a transcript of a hearing, but Plaintiff did not receive it. The lawyer then sent another copy which Plaintiff did not receive. The packages were not returned to the attorney by the postal service.

The attorney then sent Plaintiff a third copy, by priority mail, in November 2023. The tracking receipt is dated November 9, 2023, in Chicago Illinois. Plaintiff alleges the prison promptly received the package, but that he (Plaintiff) did not receive it directly. Plaintiff filed a grievance seeking his package on December 6 – now nearly two months after this legal mail was initially sent to him. Grievance counselor V. Wiewel responded that mailroom staff reported that they did not have any legal mail for Plaintiff in their possession. The

next day, December 7, Plaintiff received the item of legal mail. It had been opened outside his presence. The envelope was plainly marked "legal mail." Plaintiff alleges the envelope that the transcript was sent to him in was taped to another, newer, envelope.

Plaintiff filed additional grievances regarding this situation. In response to one of these grievances Counselor Wiewel stated that Plaintiff's legal mail had been opened by Internal Affairs who were reviewing it outside the mailroom, causing the delay.

Plaintiff alleges that his criminal defense counsel was "time constrained" and wanted to discuss litigation strategy with him. His attorney was faced with a decision to either file a motion to reconsider in the trial court or file a notice of appeal. Plaintiff alleges that due to the delays in his receipt of the court transcript, he was unable to timely discuss strategy with his lawyer, so the motion to reconsider could not be pursued, so a notice of appeal was filed instead. Plaintiff alleges the appeal is under consideration presently. Plaintiff believes he would have been successful on the motion for reconsideration had it been filed. Drawing plausible inferences from Plaintiff's allegations, in addition to losing the ability to pursue a meritorious reconsideration motion, he incurred

additional legal expenses due to the different strategy necessitated by the delay in his receipt of his legal mail.

B. <u>Analysis</u>

"An inmate's legal mail … is entitled to greater protections because of the potential for interference with his right of access to the courts." *Kaufman v. McCaughtry*, 419 F.3d 678, 685–86 (7th Cir. 2005). "Thus, when a prison receives a letter for an inmate that is marked with an attorney's name and a warning that the letter is legal mail, officials potentially violate the inmate's rights if they open the letter outside of the inmate's presence." *Id.* Interception of a prisoner's confidential communications with his lawyer are subject to a harmless-error analysis. *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010) (stating that the current system makes it "unlikely that isolated interferences with attorney-client communications in prisoner cases will block the prisoner's access to meaningful justice"). To proceed on an access-to-courts claim, a plaintiff must "allege in his complaint that the alleged deprivations have caused him actual injury …." *Ortiz v. Downey*, 561 F.3d 664, 671 (7th Cir. 2009); *Guajardo-Palma v. Martinson*, 622 F.3d 801, 806 (7th Cir. 2010).

Drawing all plausible inferences in Plaintiff's favor, his allegations support a First Amendment claim against John Doe correctional officer(s) and internal affairs officer(s) who interfered with and delayed his receipt of his legal mail. The Court will add as a Defendant, and serve process on, Warden Brittany Greene, for purposes of answering the complaint and responding to discovery to be propounded by Plaintiff so that Plaintiff can determine the identities of the Doe Defendants. Plaintiff should wait to send any discovery requests until defense counsel has entered their appearance in the case, so he can send his discovery requests to defense counsel.

1. **Plaintiff's Motion for Reconsideration [19] is GRANTED. Clerk to reopen case, vacate the Judgment [17], and vacate the Merit Review Order [15]. Plaintiff's Motion for Status [20] is MOOT.**

2. **The Court finds Plaintiff states plausible First Amendment claims against Doe Defendants. Clerk to add as a Defendant, and serve, Brittany Greene, Warden at Western Illinois Correctional Center, who is to file an answer as stated below, and will respond to discovery to assist in identifying the Doe Defendants. Once the Court's Scheduling Order is entered Plaintiff will have a deadline to move to substitute named individuals for the Doe Defendants and failure to do so will subject the case to dismissal. Any additional claims and parties shall not be included in the case, except at the Court's discretion on motion and for good cause shown, or**

pursuant to Federal Rule of Civil Procedure 15, as no other claims are plausibly alleged.

3. The case is now in the process of service. Plaintiff must wait until counsel has appeared for the defendants before filing any motions, to give notice to the defendants and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit evidence to the court at this time, unless otherwise directed.

4. The court will attempt service on the defendants by mailing each defendant a waiver of service. If a defendant fails to sign and return a waiver of service to the clerk within thirty days after the waiver is sent, the court will take appropriate steps to effect formal service through the U.S. Marshals service on that defendant and will require that defendant to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

5. As to a defendant who no longer works at the address provided by the plaintiff, the entity for whom that defendant worked while at that address shall provide to the clerk said defendant's current work address, or, if not known, said defendant's forwarding address. This information shall be used only for effectuating service. Documentation of forwarding addresses shall be retained only by the clerk and shall not be maintained in the public docket nor disclosed by the clerk.

6. The defendants shall file an answer within 60 days of the date the waiver is sent by the clerk. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this order. In general, an answer sets forth the defendants' positions. The court does not rule on the merits of those positions unless and until a

motion is filed by the defendants. Therefore, no response to the answer is necessary or will be considered. After the defendants have been served and have answered, the court will enter an order setting discovery and dispositive motion deadlines.

7. This district uses electronic filing, so after defense counsel has filed an appearance, defense counsel will automatically receive electronic notice of any motion or other paper filed by the plaintiff with the clerk. Plaintiff does not need to mail to defense counsel copies of motions and other papers that the plaintiff has filed with the clerk. However, this does not apply to discovery requests and responses. Discovery requests and responses are NOT filed with the clerk. The plaintiff must mail discovery requests and responses directly to counsel for the appropriate defendant. Discovery requests or responses sent to the clerk will be returned unfiled unless they are attached to and the subject of a motion to compel. Discovery does not begin until the court has entered a scheduling order, which will explain the discovery process in more detail.

8. Counsel for the defendants is hereby granted leave to depose the plaintiff.

9. The plaintiff shall immediately notify the court, in writing, of any change in address and telephone number. Plaintiff's failure to notify the court of a change in mailing address or phone number will result in dismissal of this lawsuit.

Entered this 21st day of July, 2025.

*s/Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
